A. GIRAUD et al. *v.* H. MAZIER et al.

The Article 1965 of the Civil Code, which provides that the action to annul a contract made in fraud of the rights of creditors, is to be exercised by the representive of the creditors when there has been a cession of property, is no longer in force, having been changed by the Act of the Legislature, of 1855, (Revised Statutes, pp. 256, 257,) which authorizes, in express terms, the institution of such a suit by an individual creditor *after* the cession of property.

The plea of want of service of a petition of intervention, is a dilatory exception, which is waived by pleading to the vagueness and insufficiency of the petition.

APPEAL from the District Court of the Parish of Lafourche, *Roman*, J. C. *Belcher* and *Beatty & Bush,* for plaintiffs and appellants. *Thibodaux & Blake* and R. D. *Jordan*, for defendants.

BUCHANAN, J. After a petition filed by *Mazier* for a voluntary surrender of property, but before the meeting of his creditors and the appointment of a definitive syndic, some of *Mazier's* creditors instituted this suit, charging him with conceal-ment of property and illegal preferences. The petition sets out in detail the frauds complained of, and concludes by a prayer, that all the creditors named as implica-ted with *Mazier* in the several frauds and illegal preferences mentioned, be made parties defendant and cited to answer; that the insolvent debtor, *Hypolite Mazier*, be arrested, &c.; and that the several payments and sales made by *Mazier* to the other defendants, be annulled and avoided, &c.

An order of arrest issued against *Mazier*, and citations to the other defen-dants.

As soon as a definitive syndic had been appointed, and before issue joined, the syndic, *Cleophas Lagarde* intervened in the suit, with leave of the court, adopting the allegations and joining in the prayer of the petition. A default was subse-quently taken on motion of plaintiff's counsel, against those creditors who had been served with citation. After this default taken, those creditors filed various exceptions to the original petition and petition in intervention; of which excep-tions, only two require notice.

The first is, that after the cession of property is made by an insolvent, and an order granted staying proceedings, the syndic appointed by the creditors is alone authorized to institute such an action as this.

And the other exception is, that the intervention of the syndic discloses no cause of action, and has not been served upon the defendants.

The first named of these exceptions is based upon the Article 1965 of the Civil Code, which provides, that the action to annul a contract made in fraud of the rights of creditors, is to be exercised by the representative of the creditors, when there has been a cession of property. If this were still the law, the irregularity in the institution of the action would have been cured by the intervention of the syndic and his adoption of the allegations of the petition; especially as that inter-vention was made before any exception taken.

But the law on this subject has been changed by the Act of 1855. The 22d and 24th sections of that Act (Session Acts, p. 436; Revised Statutes, pp. 256, 257), are copied from the 11th and 13th sections of the Act of 1840 (Bullard & Curry, 474, 475), and authorized in express terms the institution of a suit like this by an individual creditor, *after* the cession of property. See section 21, p. 435 of the Sesion Acts of 1855 and p. 256 of Phillips' Revised Statutes. And upon this point a radical change of legislation must be specially noticed. The change is found in Article 21st of the Act of 1855, which is identical with the 10th section of the Act of 1840, (Bullard & Curry, 474,) with the exception that the Act of 1840 applies to debtors who have *not* voluntarily surrendered their property; while the Act of 1855 applies to debtors who *have* surrendered their property. The cases in 3d Louisiana, 461, and 4th An. 365, which were deci-sions previous to the Act of 1855, are therefore no longer to be viewed as author-ity upon this point of practice.

The other exception, so far as it regards the want of sufficient precision or detail in the petition of intervention of the syndic, is not tenable. The syndic therein "adopting all the allegations of the petition herein filed, prays judgment against the defendants as prayed for in the original petition, and for general relief." Now, the defendants who except, cannot pretend ignorance of the allegations of the ori-ginal petition which the record shows had been served upon them. But it is ex-

cepted, that the *intervention* has not been served upon the defendants, who except. This portion of the exception can lead to no result, considering that the exception to the vagueness of the intervention, shows that exceptors have seen and taken cognizance of its contents. Even granting that, under Article 393 of the Code of Practice, defendants are entitled to have the intervention served upon them, what is the legal consequence? Why, assuredly, only that they are not obliged to answer the intervention until it is served upon them. But no default had been asked for against these defendants upon the intervention, only upon the original petition. Evidently, the plea of want of service of the intervention, is nothing but a dilatory exception, not at all a ground for putting the intervention out of court. We think the defendants have waived service of the intervention, by pleading, as they have done, to its vagueness and insufficiency.

The judgment of the District Court is, therefore, reversed; the exceptions filed by the defendants overruled; and the cause remanded, to be proceeded in according to law; defendants and appellees paying costs of appeal.

VOORHIES, J., dissenting. The object of this suit is to subject the defendant, *H. Mazier*, whom the plaintiff's allege to be their debtor, to the penalties and forfeiture of privileges consequent upon a fraudulent surrender of property; and to annul the payments made by him to other creditors, his co-defendants, and recover from them the amounts which they have received unjustly and by preference. The petition was filed three days after the surrender made by *Mazier* had been accepted by the District Judge for the benefit of his creditors.

A writ of arrest was issued against the insolvent debtor, but ineffectually; and eight out of the other defendants were cited in the latter part of September and begining of October, 1857. In the meantime, and previous to the citation being made on any of these parties, a provisional syndic was appointed, a meeting of creditors held, their deliberatoins homologated without opposition, and a syndic appointed, who qualified immediately. On the 27th of October, a judgment by default was entered against all the defendants, except the insolvent debtor, who had not been arrested, and *Vignerie* and *Cardillac*, upon whom citation could not be made, as appears by the return of the Sheriff. But the day previous, the syndic had filed a petition of intervention, in which he adopted the allegations of the plaintiff's petition, praying for judgment accordingly. There was no prayer for the citation of the defendants, nor were any steps taken to have them cited to answer the intervenor's demand.

Some of the defendants filed seperate peremptory exceptions, claiming the dismissal of the action and of the demand of intervention on the ground, among others, that the surrender having been accepted, individual creditors could not institute such an action. The court below having decreed that the plaintiff's action and the intervenor's demand be dismissed, they have both appealed from that decree.

In order to arrive at a correct conclusion touching this matter, it is necessary to keep in view the two-fold character of this suit. With regard to the creditors who are sued, it is the nature of a revocatory action; whilst, in relation to the insolvent debtor, its object is to have him deprived of the benefit of the insolvent laws, and subjected to the penalties attached to a fraudulent surrender. The cession having preceded the institution of this suit, and none of the defendants having been cited previous to the appointment and qualifying of the syndic, the revocatory action could not have been brought by the plaintiffs in their

individual capacity. After a surrender, the syndic alone has that right, under the Act of 1855, p. 436, sections 22 and 24; for its provisions are merely the reënactment of the Act of 1840, p. 134, sections 11 and 14, and are not derogatory to Article 1965 of the Civil Code in that respect. 4 An., 365. Neither can the plaintiff's action be maintained by the aid of the intervention filed by the syndic, upon which no legal steps whatever appear to have been taken. C. P. 393. Besides, the intervention does not give character to the suit : " the Judge cannot refuse to admit it, but must pronounce on its merits, at the same time that he decides *the principal action.* C. P. 394. It is the duty of the intervenor to be always ready to plead, or to exhibit his proof, in order not to retard *the principal suit,* for the reason that he has a seperate remedy to enforce his rights. C. P. 391. Had the petition of intervention been served on the defendants, this might perhaps have saved the action thus improperly brought by the plaintiffs in their individual capacity; but, as the matter now stands, there is nothing before the court. The exceptions pleaded in this case are peremptory and fatal to to the action. I think, however, that the Judge *a quo* erred in dismissing the action as regards the insolvent debtor, *Mazier,* who had not been made a party to the proceedings in the court below.

I am, therefore, of opinion, that the judgment of the court below ought to be affirmed, with costs, reserving to the appellants the right to proceed against the insolvant.

MERRICK, C. J., concurred in this opinion.